UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANEEN HOLMES, ET AL.                          CIVIL ACTION

VERSUS                                         NO: 06-3837

AAA INSURANCE, ET AL.                          SECTION: "J" (1)

**ORDER AND REASONS**

Before the Court are two motions, Defendant Louis Noah's Motion to Dismiss (Rec. Doc. 24) and Defendant Club Insurance Agency's Motion to Dismiss (Rec. Doc. 25). For the reasons stated below, both motions are **GRANTED**.

**BACKGROUND**

Plaintiffs allege that on June 11, 2003, an application was completed for flood insurance on Plaintiffs' home in Arabi, Louisiana. The application contained building coverage of $94,000 and contents coverage of $50,000. The application contained the amount of the flood coverage, the premium amount, and the elevation figures. The application listed the property's lowest elevation as 0.7. However, the elevation certificate

1

listed the lowest elevation as -0.75.  Defendant alleges that the incorrect elevation listed in the application resulted in a miscalculation of the flood premium.  In other words, the premium was too low for the level of coverage.

On August 13, 2003, after the mistake was discovered, plaintiffs were sent an Additional Premium Notice.  Plaintiffs were asked to pay an increased premium to retain the coverage that they requested.  Plaintiffs did not respond to the notice and did not pay the additional premium.  Accordingly, plaintiffs' flood insurance coverage was reduced based on the premium actually paid. Plaintiffs renewed their flood policy at this level for three years.

Plaintiffs' home was damaged by flood waters following Hurricane Katrina.  Plaintiffs filed the instant suit on June 20, 2006 seeking the full $114,000 in coverage.  Plaintiffs filed suit against Louis Noah, the insurance agent who sold the policy to plaintiffs and Club Insurance Agency, who Mr. Noah worked for.  Both defendants have filed separate 12(b)(6) motions alleging the same arguments, namely that the Plaintiffs lawsuit is perempted by application of LA. REV. STAT. ANN. §9:5606.

## LEGAL STANDARDS

When evaluating a Rule 12(b)(6) motion to dismiss for

failure to state a claim, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even in doubtful in fact)." *Id.* at 1965.

In general, if matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment. FED. R. CIV. P. 12(b); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). In this case that would normally include the insurance renewal applications and even the application itself. However, since the documents were attached to the Defendant's motions, the contracts themselves were referred to in the complaint, and the contracts are central to the plaintiffs' claims, this Court may consider the documents as part of the pleadings. *In re Katrina Canal Breaches*, 495 F.3d at 205 (*citing Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Collins v.*

*Morgan Stanley Dean Whitter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**DISCUSSION**

Louisiana law provides that "No action for damages against any insurance agent . . . shall be brought unless filed . . . within one year form the date of the alleged act, omission, or neglect or within one year from the date that the alleged act, omission or neglect is discovered or should have been discovered. . . . In all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect."  LA. REV. STAT. ANN § 9:5606(A).

Under the law, regardless of a one year presciptive period any claim against an insurance agent or agency is perempted after three years.  Louisiana courts have held that peremption begins to run from the date of purchase of the insurance policy.  *See Calvin v. Janbar Enters.*, 856 So. 2d 88, 91 (La. App. 4 Cir. 2003); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 381-82 (La. App. 1 Cir. 2003).

Plaintiffs applied for flood insurance on June 11, 2003 and filed suit on June 20, 2006.  Plaintiff alleges that the relevant negligent act occurred on August 13, 2003, the date that the insurance agent notified the plaintiffs of the mistake.

4

Plaintiffs claim that they never received the August 13 notice. This Court disagrees with the Plaintiff, and finds that the negligent act occurred June 11, 2003, more than three years prior to plaintiffs' filing of suit.[1]

Even if the three year peremptive period does not apply, Plaintiffs action is barred by the one year peremptive period. Section 9:5606 provides that any action against an insurance agency must be filed within one year from the date that the alleged negligent act is or should have been discovered. LA. REV. STAT. ANN. § 9:5606(A).

Plaintiffs' flood insurance was bought in 2003, and renewed in 2004. Plaintiff was sent a renewal notice which clearly showed the amount of coverage on April 25, 2004. Plaintiffs were also sent declaration pages on June 1, 2004 and May 9, 2005 which showed the reduced amount of coverage. Plaintiffs merely claim that "they did not receive any of the documents that Defendant[s]

---

[1]The Court notes that Plaintiffs' policy did not go into effect until June 20, 2003. Louisiana cases have determined peremption begins to run on the "date of purchase" of the insurance contract. However, no case was found in which "date of purchase" was defined. Therefore the Court is unclear as to whether "date of purchase" should refer to the application date or the effective date. However, because this Court also finds that Plaintiffs' claims are perempted under the one year peremption provision, it is unnecessary to determine the meaning of "date of purchase"

allege[] would start the one year prescription period to run." However, considering that the premiums were paid and the insurance policy remained in place at the time Hurricane Katrina came ashore in August 2005, it stretches credulity that the Plaintiffs' never received a renewal notice or a declarations page.  Therefore this Court finds that the Plaintiffs discovered or should have discovered the alleged negligent act at the latest by May 9, 2005.  Plaintiffs did not file suit until June 20, 2006, more than one year later.  Accordingly,

**IT IS ORDERED** that Defendant Louis Noah's Motion to Dismiss (Rec. Doc. 24) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Club Insurance Agency's Motion to Dismiss (Rec. Doc. 25) is **GRANTED**.

New Orleans, Louisiana this the 25th day of October, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE